**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Susan Simundson, on behalf of herself and a class of those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Professional Hospitality, LLC,<br>Defendant. | Case No.: 11-cv-198<br><br>**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

Plaintiffs state and allege the following against Defendants:

**INTRODUCTION**

1.      Defendant Professional Hospitality, LLC, places employees called "Hotel General Managers" in the hotels they service, but they are managers in name only.  Defendant routinely requires its employees to work in excess of 40 hours per week on non-exempt tasks without paying those employees overtime, in violation of federal law.  Plaintiff Susan Simonson and other Hotel General Managers have been misclassified by Defendant as exempt from the overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      During the Class Period, Plaintiff alleges that Defendant instituted a plan that applied to all class Members in which it:

   a.   Required Class Members to carry a workload that could not be completed without working substantial amounts of overtime;

   b.   Required Class Members to perform non-managerial work as their primary duties; and

   c.   Failed to pay overtime compensation to Class Members in violation of the FLSA.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over this action pursuant to 28

U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 2 16(b).

4.      This Court is empowered to issue a declaratory judgment pursuant to

28 U.S.C. §§ 2201 and 2202.

5.      Venue is appropriate because Defendant is qualified to, and does, transact

business in this District and a substantial portion of the facts giving rise to these claims occurred

in this district.

## THE PARTIES

6.      Plaintiff Susan Simundson ("Plaintiff") was employed by Professional

Hospitality, LLC ("Defendant") as Hotel General Manager, and worked for the company at its

Spooner, Wisconsin hotel branch from approximately July 31, 2006, through March 25, 2010.

Plaintiff resides in, and is a citizen of Wisconsin.  Plaintiff's duties were non-exempt, and she

consistently worked over 40 hours per week while employed by Defendant; Defendant failed to

compensate Plaintiff for any of the time she worked in excess of 40 hours per week.  Plaintiff

complained to Defendant about this conduct, and was terminated for her complaint.

7.      Defendant is a Wisconsin limited liability corporation headquartered in Madison,

Wisconsin.  Defendant provides independent management staffing for hotel and resort

operations, including front desk staff, maintenance staff, cleaning staff, and management.   All

staff remained employees of Defendant while working in the hotels.

8.      Defendant is an "employer" as defined by 29 U.S.C. § 201, Sec. 3(d).

## FACTUAL ALLEGATIONS

9.      Plaintiff bring this action on behalf of herself and all persons who were, are, or will be employed by Defendant nationwide as Hotel General Manager (collectively, the "Class Members"), at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action plus periods of equitable tolling (the "Class Period"), and who were, are, or will be misclassified by Defendant as exempt from overtime pay under federal law.

10.     Defendant classifies Class Members as exempt from overtime payments under FLSA, despite the fact that their job duties make them not exempt employees.  Defendant required Class Members to regularly work overtime hours, as defined by the applicable federal laws.  The Class Members are entitled to premium compensation at one and one-half times the regular hourly rate for those hours.

11.     Despite Class Members' title, Hotel General Manager, and classification as exempt, Class Members spend only a fraction of their time performing managerial duties. Moreover, most job duties that might generally be characterized as managerial did not require independent judgment on the part of the Class Members. Class Members were required to follow very detailed written instructions provided to them by Defendant as to how to perform many tasks.  For example:

> a.  Class Members lack independent authority to hire, promote, discipline, or terminate employees, but rather must obtain approval of the district manager.
>
> b.  Class Members lacked the independent authority to set hotel rates, but were required to obtain approval from the district manager.

c. Class Members are not allowed to give pay raises without approval from the district manager.  Furthermore, Defendant has a policy whereby no employee can receive a pay raise higher than $.25 per hour.  Additionally, Defendant has had a wage freeze in effect for nearly two years, so Class Members have not had any ability to approve pay raises.  Class Members have no say in whether a wage freeze is in effect or not.

d. Class Members are required to submit photos of front desk employees, and seek approval from superiors before they can hire the employee.

e. Class Members are required to maintain all of the inventory and stock within a given hotel location.  But, Class Members are required to purchase new stock only based on Defendant's computer program, called "Buy Efficient." Class Members are allowed only to order items pursuant to the program; they do not select items on their own.

f. Class Members are required to perform all the shipping and receiving tasks, which is basic manual labor and does not require any independent judgment.

12. Despite Class Members' title and classification, they regularly spent significantly more than fifty percent of their time during each work shift performing tasks identical to those of non-salaried front desk workers, housekeeping staff, maintenance staff or other manual labor employees.  These duties include, but not limited to:

a. cleaning and maintaining pools;

b. cleaning spills and messes;

c. fixing broken items within the hotel such as toilets or doorknobs;

d. shoveling snow;

4

    e.   lighting furnaces;

    f.   cleaning rooms;

    g.   changing bedsheets;

    h.   stocking room supplies;

    i.   running errands;

    j.   all other tasks that desk workers, housekeeping staff, maintenance staff and sales representatives are assigned or otherwise required to do.

13.    During the Class Period, Defendant increased the amount of time Class Members were required to spend doing work such as front desk, maintenance and housekeeping duties.  In 2006, Class Members were required to spend little time performing front desk, maintenance or housekeeping work.  In early 2009, Defendant informed Class Members that they had to work at least two front desk shifts per week.  In summer 2009, Defendant increased that mandate to four front desk shifts per week.  Over this same time period Defendant decreased the amount of hours Class Members were allowed to expend in its annual budget for labor hours.  As a result, Class Members were required to work increasing hours and a significant portion of their time doing front desk, maintenance and housekeeping duties that they did not have to prior to this mandate.

14.    Defendant gave each Class Member an annual hourly budget that listed the maximum number of hours a Class Member could allow her/his employees to work.  Class Members were penalized if they allowed employees to work over this allotted budget.  Instead, Class Members were required to work overtime in order to make up for the work that needed to be done but could not be done by hourly employees because of the hourly budget limits.  Class Members were not paid for the overtime they worked.

15.     Class Members were on call 100% of the time in the event that any maintenance, front desk, housekeeping or other task needed to be done.

16.     Defendant required Plaintiff and similarly situated employees to hold quarterly staff meetings and regular training sessions, in person and over the phone.  Hourly employees were required to be paid for the time spent at these meetings and trainings.  However, Defendant's hourly budget did not account for the extra time spent by employees at these meetings and trainings.  As a result, the hourly workers reduced their time spent performing their regular duties, and Class Members were required to spend even more of their time completing these duties so Defendant could avoid paying overtime.

17.     Defendant's conduct, as set forth in this Complaint, was willful and has caused significant damages to Plaintiffs and all similarly situated individuals.  Defendant has willfully refused to pay Class Members the required overtime compensation for overtime hours worked as required by law.

18.     Defendant is liable under the FLSA for failing to properly compensate Class Members, and notice of this lawsuit should be sent to them.  There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

19.     Defendant's practices violate the FLSA.  Plaintiff seeks injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendant, liquidated and other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff realleges each and every paragraph of this Complaint.

20.    Plaintiff brings Count I of this Complaint for violations of the FLSA as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiffs are similar to all those individuals who have worked in a Class Position during the applicable limitations period.

21.    Plaintiff and other Class Members are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).  Plaintiffs and all similarly situated individuals are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of unlawfully characterizing them as exempt employees and refusing to pay them overtime in violation of the FLSA.

22.    The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay at which they are employed for all hours worked over 40 hours per workweek.

23.    Defendant's actions, policies and/or practices were in violation of the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for time spent on work activities as described in herein.

24.    Defendant has knowingly and willfully failed and continues to fail and refuse to pay Plaintiff and Class Members overtime compensation owed to Plaintiff and Members of the Class for overtime hours worked as required by federal wage and hour laws.

25.    Defendant acted willfully in failing to pay its employees overtime compensation for their hours worked.

26.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and Class Members have suffered and will continue to suffer a loss of income and other damages. Plaintiff and Class Members are entitled to liquidated damages and are also entitled to attorneys fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated individuals in an FLSA Collective Action, pray for relief as follows:

A.     Designation of this action as a collective action on behalf of Plaintiff and all similarly situated individuals and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Members of their opt-in rights, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the FLSA Collective Action;

C.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

E.     Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

F.     Costs of action incurred herein, including expert fees;

G.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H.     Pre-Judgment and Post-Judgment interest, to the extent provided by law; and

I.      Such other legal and equitable relief as this Court deems necessary, just, and

proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE JURY IS AVAILABLE**

Dated this 18th day of March, 2011.          HALUNEN & ASSOCIATES

s/ Joni M. Thome

Joni M. Thome, Minn. No. 232087
Christopher D. Jozwiak, Minn. No. 0386797
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.605.4098
*Attorneys for Plaintiff*